# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

United States of America      )
     *ex rel. Barrington T. Godfrey* )
     Plaintiff,               )
                              )
          v.                  )          Case. No. 1:05cv1418(GBL)
                              )
Kellogg, Brown & Root, Inc., *et al* )
     Defendants.              )

<u>ORDER</u>

THIS MATTER is before the Court on Defendant's Motion to Compel Arbitration and to Sever, and to Stay Arbitrable Claims and Defendant's Partial Motion to Dismiss and to Strike.  For the reasons stated in open court on November 2, 2007, it is hereby

ORDERED that Defendant's Motion to compel Godfrey to arbitrate his employment-related claim (Claim IV: Retaliation), sever that claim from this litigation and stay all proceedings regarding that claim pending arbitration is GRANTED.  It is further

ORDERED that Claims I (False Claims), II (False Statements) and III (False Claims Conspiracy) are DISMISSED because these claims are rooted in a "false certification" theory.  It is further

ORDERED that Claims I, II and III are DISMISSED because the claims are based on Godfrey's allegations of misconduct by KBR subcontractors and the claims fail to plead fraud with the particularity required by Rule 9(b).  It is further

ORDERED that due to a failure to allege presentment, Claim

II is DISMISSED.  It is further

ORDERED that due to a failure to allege a conspiratorial agreement, Claim III is DISMISSED.  It is further

ORDERED that because it does not appear to be properly before this Court at this time because there are no facts to support this prediction about the future events, Claim V (Alternate Remedy) is DISMISSED.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this _____ day of November, 2007

Gerald Bruce Lee
United States District Judge

Alexandria, VA
11/ 13 /07

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

United States of America          )
    *ex rel. Barrington T. Godfrey* )
    Plaintiff,                    )
                             )
        v.                        )     Case. No. 1:05cv1418(GBL)
                             )
Kellogg, Brown & Root, Inc., *et al* )
    Defendants.                   )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Relator Barrington T. Godfrey's Second Amended Complaint. This case concerns Godfrey's allegations that Defendants submitted fraudulent claims for payment to the United States Government under a LogCAP contract. There are seven issues before the Court; the first six relating to Godfrey's Amended Complaint and the seventh pertaining to the Second Amended Complaint. The first issue is whether Godfrey improperly relied on a false certification theory as a basis for liability under the False Claims Act. The second issue is whether the Amended Complaint pled fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Third, the Court must assess whether Godfrey has properly alleged presentment. The fourth issue before the Court is whether Godfrey has alleged sufficient facts to support a conspiracy as between the defendants. Fifth, the Court must evaluate the

1

appropriateness of Godfrey's requested alternative remedy.  The
sixth issue, is whether Godfrey's allegations of retaliation must
be severed and arbitrated.  The final issue is whether the
changes Godfrey made between the Amended Complaint and the Second
Amended Complaint appropriately and sufficiently addressed the
deficiencies enumerated by the Court when Godfrey's Amended
Complaint was dismissed on November 2, 2007.

The Court holds that Godfrey's reliance on a false
certification theory fails because the form identified by Godfrey
as the source of the false certification does not contain an
express certification.  The Court holds that Godfrey has failed
to meet the particularity requirement of Rule 9(b) because he
does not possess sufficient substantive knowledge of the terms of
the contract to appropriately support an allegation that KBR
overcharged the Government.  Furthermore, the Court concludes
that Godfrey has not stated a claim of presentment because the
Amended Complaint fails to set forth the actual presentment,
owing in part to an inability to properly identify the requisite
false statements or records.  The Court dismisses Godfrey's
conspiracy claims because Godfrey has failed to assert the
existence of an agreement between two or more parties to engage
in a conspiracy.  Additionally, Godfrey's request for an
alternative remedy is dismissed because it is not properly before
this Court.  The Court holds that Godfrey's retaliation claim

2

must be severed and arbitrated because the employment contract
between the parties contained a valid and binding arbitration
clause.  Finally, the Court holds that Godfrey did not properly
correct the deficiencies raised by the Court when the First
Amended Complaint was dismissed on Defendant's initial Motion to
Dismiss.  In many instances the Second Amended Complaint is a
mirror image of the First Amended Complaint which do not satisfy
the level of particularity required by Federal Rules Of Civil
Procedure 9(b).

## I. BACKGROUND

This *qui tam* Federal False Claims Act suit was initiated by
Barrington T. Godfrey, against his former employer, Defendant KBR
and five defendants: KBR, Inc., Kellogg Brown & Root Services,
Inc. (collectively referred to as KBR), Jamal Nasery (a former
KBR Subcontract Administrator) and three of KBR's foreign
national subcontractors, ABC International Group of Kuwait, Gulf
Catering Co. of Saudi Arabia, and Tamimi Global Catering Co. of
Saudi Arabia.

Barrington Godfrey is a former contract administrator who
was responsible for the construction and operation of dining
facilities ("DFACs") subcontracts between Kellogg, Brown & Root
("KBR") and two foreign entities- ABC International Group ("ABC")
and Gulf Catering Co. ("Gulf")- for United States military bases
in Iraq and Kuwait in 2004 and early 2005.  When Godfrey was

3

hired by SEII[1] in July 2004, he signed an employment agreement that outlined the general terms and conditions of his employment with SEII.  The employment agreement contained an arbitration clause requiring the parties to submit all employment disputes to arbitration in accordance with the Halliburton Company's Dispute Resolution Program ("DRP")[2].  Godfrey also later signed a New Hire/Rehire Form that reiterated the arbitration agreement.

Godfrey alleges that KBR defrauded the government in managing the dining services contract. Godfrey alleges that Mr. Jamal Nasery, a former KBR employee permitted KBR subcontractors, and a third, Tamimi Global Catering Company ("Tamimi"), to overcharge the government under their DFAC subcontracts.  Godfrey alleges that the contract was based on a per capita fee per dining patron at the dining facilities.  Godfrey alleges that the Government was defrauded because KBR and its subcontractors charged for more DFAC patrons than were served and charged the Government for more staff than KBR and subcontractors employed. Godfrey alleges that KBR fraudulently passed those overcharges on to the government for reimbursement under LogCAP, KBR's contract with the U.S. Department of Defense.  (Mem. Supp. Def.'s Partial

---

[1] Services Employees International, Inc. ("SEII") is a subsidiary of KBR.

[2] KBR was formerly a subsidiary of Halliburton, however the two companies have recently become separate companies and, as a result, the Halliburton DRP has been succeeded by the KBR DPR for KBR employees.

4

Mot. to Dismiss and to Strike 3).  Godfrey also alleges that KBR was paid twice to construct a new dining facility at the H4 and H3 Sites and for new kitchen equipment, which the defendants never delivered.

Godfrey alleges that, because of his efforts to expose the alleged fraudulent behavior, Nasery threatened to fire him and that ABC filed complaints with KBR resulting in Nasery being disciplined with a ten day suspension.  According to Godfrey, the allegations against him "proved meritless, and [he] was reinstated, albeit with greatly diminished authority *vis-a-vis* ABC. [He] nevertheless concluded that Nasery and others had made his work environment so hostile that [he] could not continue. His employment with KBR terminated in February 2005, and he returned to the United States on February 19, 2005."  Compl. ¶65.

## II. DISCUSSION

### A. Standard of Review

#### 1. Federal Rule of Civil Procedure 12(b)(6)

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *see* FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a

5

whole, and take the facts asserted therein as true.  *Myland Labs,
Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  In addition
to the complaint, the court may also examine "documents
incorporated into the complaint by reference, and matters of
which a court may take judicial notice" when ruling on a Rule
12(b)(6) motion to dismiss.  *Tellabs, Inc. v. Makor Issues &
Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).  Conclusory
allegations regarding the legal effect of the facts alleged need
not be accepted.  *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir.
1995).  Because the central purpose of the complaint is to
provide the defendant "fair notice of what the plaintiff's claim
is and the grounds upon which it rests," the plaintiff's legal
allegations must be supported by some factual basis sufficient to
allow the defendant to prepare a fair response.  *Conley v.
Gibson*, 355 U.S. 41, 47 (1957).

### 2. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires "[i]n all
averments of fraud or mistake, the circumstances constituting
fraud or mistake shall be stated with particularity.  Malice,
intent, knowledge, and other condition of mind of a person may be
averred generally." FED. R. CIV. P. 9(b).

### 3. Federal Rule of Civil Procedure 12(f)

Rule 12(f) provides that the Court may strike from any
pleading "any insufficient defense or any redundant, immaterial,

6

impertinent, or scandalous matter." *See Williamson v. Virginia First Sav. Bank*, 25 F.Supp.2d 798, 806 (E.D. Va. 1998). A matter is "impertinent" or "immaterial" if it is not relevant to the issues in the case. *Paul v. Gomez*, 190 F.R.D. 402, 403 (W.D. Va. 2000). The rule guards against prejudice to the defendant from having to respond to matters that are "absolutely irrelevant" to plaintiff's claims. *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 241, 243 (D. Md. 2003).

### 4. Severance for Arbitration

A court asked to compel arbitration of a dispute must first determine whether the parties agreed to arbitrate that dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Both the Federal Arbitration Act and the Texas General Arbitration Act support arbitration agreements and when considering ambiguous agreements read them with a presumption in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983)(holding that "questions or arbitrability [under the FAA] must be addressed with a healthy regard for the federal policy favoring arbitration" and that doubts about the scope of arbitrable issues should be resolved in favor of arbitration); *Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 899 (1995)(ruling that Texas law favors the enforcement of arbitration agreements and that doubts concerning the

7

arbitrability of an issue should be resolved, whenever possible, in favor of arbitration).  "As with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi*, 473 U.S. at 626.

**B. Analysis**

1. False Certification

     Defendant's Motion to Dismiss Counts I, II, and III of the Second Amended Complaint to the extent that they are premised on a false certification theory is granted because KBR's submission of the DD 250 Forms cannot support this false certification claim.  A violation of the False Claims Act may be found "when a government contract or program required compliance with certain conditions as a prerequisite to a government benefit, payment, or program; the defendant failed to comply with those conditions; and the defendant falsely certified that it had complied with the conditions in order to induce the government benefits." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786 (4th Cir. 1999) ("Harrison I").

     Godfrey's claim that KBR falsely certified their compliance with the terms of the LogCAP contract with the government is based solely on KBR's submission of the Form DD 250.  Godfrey is unable however, to indicate which terms, if any, of the contract, require express certification, or what exact information the

contractor is required to certify.  In *United States ex rel.*
*Wilson v. Kellogg Brown & Root, Inc.* this Court had the
opportunity to examine another FCA false certification case
involving LogCAP.  1:04cv595 (E.D. Va. Feb. 5, 2007).  There, the
Court dismissed the claim, for failure to properly allege false
certification.  Specifically the Court found that "[t]here is no
indication that KBR was required to certify as a condition of
receiving payment anything other than that the voucher was
correct and proper.  The voucher was a standard form (Form 1034),
not something specially created for the defendants (or including
extra language of certification)".  *Id*.  The Court stated from the
bench that "certification forms and the form 1155 and DD 250 do
not ... demonstrate a lie by the government contractor."
Transcript of Oral Argument at 22-23, *ex rel Wilson* (No.
1:04cv595).

The Court dismisses Claims I, II, and III of Godfrey's
Amended Complaint to the extent that they allege false
certification because the allegations in Godfrey's Amended
Complaint are principally reliant upon on the submission of the
Form DD 250 which does not constitute false certification.  This
Court has recently held that Form DD 250 is an insufficient basis
for a claim of false certification as is being claimed in this
case, and Godfrey has not provided a compelling argument for a
departure from this position.  Therefore, the Court grants KBR's

9

Motion to Dismiss on this point.

## 2. Failure to Plead Fraud with Sufficient Particularity

Defendant's Motion to Dismiss Counts I, II and III of Godfrey's Amended Complaint are granted because the Second Amended Complaint fails to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The "circumstances" required to be pled with particularity under Rule 9(b) are " 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison I*, 176 F.3d at 784 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil §1297, at 590 (2d ed. 1990)).

Rule 9(b) has four main purposes. First, it ensures that defendants have "sufficient information to formulate a defense by putting [them] on notice of the conduct complained of." *Id*. Second, the rule protects defendants from frivolous suits. *Id*. Third, it eliminates fraud actions in which all facts are learned after discovery. *Id*. Finally, it "protects defendants from harm to their goodwill and reputation." *Id*. Courts hesitate to dismiss complaints for failure to meet particularity requirements if "the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at

10

trial," and "plaintiff has substantial pre-discovery evidence of those facts." *Id.*

Godfrey has conceded that he is unfamiliar with the exact terms of the contract between KBR and the government.  If Godfrey does not know the terms of the contract, price, compensation, or allowable costs, then he cannot credibly assert a claim that KBR and others defrauded the government and overcharged the government.  Without this information, the Court finds it virtually impossible for Godfrey to meet the particularity requirements established in Rule 9(b).  To permit Godfrey to proceed at this point would allow this lawsuit to become a fishing expedition to look for government waste or a roving private investigation of government contracts by a former employee without a predicate factual basis.  Before Godfrey is allowed to use the discovery process to acquire information he must show in a well-pleaded complaint particulars which meet the requirements of Rule 9(b).  Without particulars and facts Godfrey's Complaint may amount to nothing more than unsubstantiated differences of opinion.  After three attempts at pleading this case, Godfrey fails to sufficiently indicate the contents of the false representation, the makers of the false statements, how the government was overcharged, and what was the correct charge under the circumstances.  Counts I, II, and III of the Amended Complaint are therefore dismissed.

11

## 3. Presentment

Defendant's Motion to Dismiss Count II, False Statements, is granted because Godfrey has not alleged that KBR actually presented or caused to be presented a false claim to the government as required under 31 U.S.C. § 3729(a)(2). 31 U.S.C. § 3729(a)(1) creates liability for any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." Additionally, 31 U.S.C. § 3729(a)(2), establishes liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." Although sub-section (a)(2) does not contain the same presentment language as sub-section (a)(1), the Court in *United States ex rel DRC, Inc. v. Custer Battles, LLC* held that 31 U.S.C. § 3729(a)(2) "also embraces the presentment requirement." 444 F.Supp.2d 678, 685 (E.D. Va. 2006).

Although both Godfrey and the Government argue that there is no presentment requirement in section 3729(a)(2), they have failed to provide the Court with sufficient justification to overturn established precedent in this Court. Both Godfrey and the Government support their position with a recitation of district courts outside of the Fourth Circuit that have found that section 3729(a)(2) does not contain a presentment

12

requirement.  However, neither has indicated why the judgment of these other courts is more legally sound than the position of this Court, so as to justify a departure from this Court's reading of section (a)(2).  Having failed to convince this Court that a departure from precedent is prudent, the Court turns to an analysis of Godfrey's complaint to determine whether presentment has been adequately alleged by Godfrey.

Count II of Godfrey's Amended Complaint, merely alleged that Nasery made false statements to fellow co-workers, and provides no indication that these claims were in turn presented to the Government.  KBR argues that Godfrey has failed to provide "particularized allegations that KBR actually made any false statements of its own or used its subcontractors' allegedly false records to get its DFAC claims paid by the Government" and that "Godfrey does not identify what the alleged false statements or records were."  (Def.'s Reply Mem. 7-8).  The Court agrees with KBR's assessment.  Godfrey has failed to present this Court with any substantive allegation that any false statements were presented to the Government for payment as required by 31 U.S.C. §3729(a)(2).  *Custer Battles*, 444 F.Supp.2d. at 685. Accordingly, Claim II is also dismissed because Godfrey and the Government have provided unpersuasive reasons for the Court to overrule precedent in the Eastern District of Virginia reading a presentment requirement into section 3729(a)(2), and because

13

Godfrey has failed to make and support the necessary presentment allegation.

## 4. Conspiratorial Agreement

Defendant's Motion to Dismiss Count III of Godfrey's Complaint regarding False Claims Conspiracy is granted because Godfrey has failed to allege the existence of an agreement between the parties to defraud the United States Government. Under 31 U.S.C. § 3729(a)(3), False Claims Act liability is extended to "[a]ny person who conspires to defraud the Government by getting a false or fraudulent claim allowed or paid."  As with any conspiracy claim, Plaintiff must be able to show that "two or more entities that previously pursued their own interests separately are combining to act as one for their common benefit." *United States ex rel Brooks v. Lockheed Martin Corp.*, 423 F.Supp.2d 522, 528 n. 17 (D. Md. 2006)(quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984)). Allegations that the defendant's actions combined to injure the plaintiff are not a sufficient basis from which to imply a conspiracy. *Davis v. Sprouse*, 405 F.Supp. 45, 46 (E.D. Va. 1975).

KBR argues that "Godfrey invites too great an 'inferential leap' between his bare allegations and the conclusion that there was an actionable 'meeting of the minds' on a scheme to defraud the Government, as opposed to independent decisions." (Def.'s

14

Mot. Dismiss 21); *United State ex rel Durcholz v. FKW Inc.*, 189
F.3d 532, at 546 (7th Cir. 1999).   The Court finds this argument
compelling because Godfrey has failed to provide evidence to
negate the inference that Defendants were merely parallel actors,
or two players with no intention of defrauding the Government at
all.   The parties here include a government contractor and sub-
contractors who by definition have agreed to work together on a
single contract.   That relationship in and of itself does not
show a combination or a conspiracy to defraud the Government.
KBR concludes with an argument on this point that the Court finds
persuasive: "[t]o state a claim for conspiracy, Godfrey had to
plead particularized facts sufficient to support a reasonable
inference that DFAC subcontractors' alleged overcharges and KBR's
alleged tolerance and facilitation of those alleged overcharges
were not separate and independent decisions, but rather in
furtherance of a meeting of the minds whose object was to defraud
the Government." (Def.'s Reply Mem. Supp. Mot. Dismiss and
Strike, 12). Godfrey's claims must fail because he has failed to
provide sufficient facts giving rise to an inference of a meeting
of the minds and agreement sufficient to support a claim for
conspiracy.   Therefore Count III must be dismissed.

5. Request for Alternate Remedy

    The Court grants KBR's Motion for Dismissal of Count V
because Godfrey has failed to allege facts to support a finding

15

of the existence of another proceeding wherein the Government has recovered from the defendants in relationship to this matter. Godfrey correctly cites to 31 U.S.C. §3730(c)(5) as a source of entitlement to the alternative remedy that he seeks.

> The Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty.  If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section.  Any finding of fact or conclusion of law made in such other proceeding that has become final shall be conclusive on all parties to an action under this section.  For purposes of the preceding sentence, a finding or conclusion is final if it has been finally determined on appeal to the appropriate court of the United States, if all time for filing such an appeal with respect to the finding or conclusion has expired, or if the finding or conclusion is not subject to judicial review.

31 U.S.C. §3730(c)(5).  The purpose of Section 3730(c)(5) is to "preserve[] the rights of the original *qui tam* plaintiffs when the government resorts to an alternate remedy in place of the original action." *United States ex rel LaCorte v. Wagner* 185 F.3d 188, 191 (4th Cir. 1999).  However,

> No matter how broadly the Court interprets the phrase 'any alternate remedy,' there must still be proceeds resulting from Relator's *qui tam* claims or from an investigation and alternative remedy resulting from Relator's *qui tam* claims.  Unless the Government has received proceeds to remedy a claim of liability Relator has no right of compensation.

16

*United States ex rel Ubl v. United States* 2006 WL 1050650, at *2
(E.D.Va. 2006). Other than to state their belief that this
matter has been the subject of an audit by the Government,
Godfrey has failed to provide sufficient evidence that the
Government has actually received proceeds from Defendants.
Additionally, Godfrey has not provided the Court with support for
their request that this issue be resolved via the current
litigation with KBR as opposed to through a separate suit dealing
directly with the Government. Because the Court finds Relator's
recovery of any portion of an "alternate remedy" to be at a
minimum premature, if not entirely unfounded at this point in
time, the Court dismisses Count V of Relator's Second Amended
Complaint seeking a share of an alternate remedy pursued by the
Government.

<u>6. Severance</u>

Defendants' Motion to Compel Arbitration is granted because
Godfrey signed enforceable arbitration agreements requiring
arbitration of employment related claims. The Federal
Arbitration Act requires the enforcement of arbitration
agreements where the agreement is valid under the general
principles of contract law and where the agreement is part of a
contract involving commerce. 9 U.S.C. § 2. Godfrey does not
contend that the Dispute Resolution Program is unfair or illegal,
and in fact, multiple federal and state courts have upheld

Halliburton's Dispute Resolution Program numerous times. *See e.g. ex rel Wilson* 1:04cv595(E.D. Va. March 28, 2007); *United States ex rel McBride v. Halliburton Co.*, Civ. No.05-828 2007 WL 1954441 (D.D.C. July 5, 2007); *In re Halliburton*, 80 S.W.3d 566 (Tex. 2002). Additionally, the FAA requires trial courts to stay judicial proceedings where the issue presented is subject to a valid arbitration agreement. 9 U.S.C. §3. The Court severs and stays Godfrey's claims of employment discrimination because they are subject to a valid and binding arbitration agreement that was signed on more than one occasion by Godfrey.

<u>7. Changes in Second Amended Complaint</u>

The Court dismisses Godfrey's Second Amended Complaint in toto because it fails to substantively address the deficiencies brought to Godfrey's attention by the Court in the hearing held on November 2, 2007, and in the Court's subsequent Order. A careful examination of Godfrey's Second Amended Complaint reveals few alterations, which are exclusively cosmetic in nature, that ultimately fall short of presenting a pleading capable of surviving Defendant's current Motion to Dismiss.

<u>Conclusion</u>

Defendant's Motion to Dismiss the Second Amended Complaint is granted. Claims I, II, and III, False Claims, False Statements and False Claims Conspiracy are dismissed because submission of

the Form 250DD does not support his false certification theory.
These same counts are also dismissed because Godfrey has failed
to plead these fraud claims with the particularity required by
Rule 9(b) of the Federal Rules of Civil Procedure.  The third and
final reason that Godfrey's second claim, false statements, is
dismissed is because he has not properly alleged that Defendants
actually presented or caused to be presented a false claim to the
Government for payment.  Godfrey's claim of false claims
conspiracy is dismissed because he has failed to allege
sufficient facts in his Complaints that properly evidence the
necessary agreement to support a claim of conspiracy.  The Court
dismisses Count V of Godfrey's Complaint seeking an alternate
remedy because Godfrey has produced no evidence of any additional
proceedings involving Defendants and the Government.  The Court
severs Godfrey's claims of employment discrimination because they
are subject to a valid and enforceable arbitration agreement.
Finally, the Court dismisses Godfrey's Second Amended Complaint,
on the same grounds as the Amended Complaint because the Court
finds that most of the changes to the Second Amended Complaint
were purely cosmetic and failed to address the deficiencies of
the Amended Complaint in any substantive manner.

The Defendant's Motion to Dismiss the Second Amended
Complaint is granted and the case is dismissed without prejudice.
No leave to amend will be granted because the Plaintiff has had

19

three opportunities to plead his case and further amendment would be futile.  *See* FED. R. CIV. P. 15(a) (indicating that the court should freely grant leave to amend when justice so requires); *But see Foman v. Davis* 371 U.S. 178, 182 (1962) (listing reasons such as "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" as justifications for courts to deny leave to amend).

For the foregoing reasons, it is hereby

ORDERED that Defendant KBR's Motion to Dismiss Relator Barrington T. Godfrey's Second Amended Complaint is GRANTED.  It is further

ORDERED that Plaintiff shall not be granted leave to amend.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this  *13*  day of March, 2008.

Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
03/ *17* /08

20